UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JOHN CONRY | CIVIL ACTION |
| VERSUS | NO. 11-0647 |
| OCWEN FINANCIAL CORPORATION | SECTION: "G"(2) |

### ORDER AND REASONS

Before the Court is Plaintiff *pro se* John Conry's ("Plaintiff") Motion for Leave to File First Amended Complaint ("Motion for Leave").[1] Having considered the motion, the opposition, the record, and the applicable law, for the following reasons, the Court will grant the Motion for Leave to File.

## I. Background

### A. *Procedural and Factual Background*

On March 24, 2011, Plaintiff filed his complaint in this matter,[2] having previously been granted leave to proceed *in forma pauperis*.[3] Therein, Plaintiff alleged that Defendant Ocwen Financial Corporation ("Defendant"), a bank, fraudulently converted funds belonging to Plaintiff and that Defendant's actions constituted racketeering in violation of the Racketeer Influenced and Corrupt Organizations Act[4] ("RICO"). Specifically, Plaintiff alleged that Defendant deposited and

---

[1] Rec Doc. 31. The case was initially assigned to Section "N" of the Eastern District of Louisiana, Judge Kurt D. Engelhardt, but was later reassigned to this Court, Section "G." *See* Rec. Doc. 10.

[2] Rec. Doc. 3.

[3] Rec. Doc. 2.

[4] 18 U.S.C. § 1961.

1

fraudulently converted two checks issued on behalf of Plaintiff's client, Catherine Bright, without Plaintiff's endorsement.[5] Thus, Plaintiff asserted causes of action for these alleged RICO violations; Plaintiff also asserted claims under Louisiana law for fraud, conversion, and tortious interference with a contract.[6]

On October 18, 2011, Defendant filed a Motion to Dismiss,[7] wherein Defendant argued that Plaintiff's "conclusory pleadings are facially deficient under Fed. R. Civ. Proc. 8 and 9(b) and otherwise fail to state a claim upon which relief can be granted."[8] Defendant petitioned this Court to dismiss all claims against it, alleging that Plaintiff failed to articulate a facially plausible cause of action accompanied with material facts to prove such claims.[9] Specifically, Defendant argued that Plaintiff failed to provide "*any*" identifying information regarding the checks that allegedly were fraudulently converted by Defendant[10] and that Plaintiff offered no factual allegations concerning the alleged events.[11] Defendant asserted that Plaintiff's claims fail as to his allegations of tortious interference, conversion, fraud, and RICO violations.

On November 3, 2011, Plaintiff sought leave to file his untimely opposition to the Motion

---

[5] Rec. Doc. 3 at pp. 2-3.

[6] *Id.* at p. 4.

[7] Rec. Doc. 11.

[8] Rec. Doc. 11-1 at p. 2.

[9] *Id.* at p. 18.

[10] *Id.* at p. 1.

[11] *Id.* at p. 2.

2

to Dismiss,[12] which this Court granted,[13] and Plaintiff's opposition was filed into the record on November 23, 2011.[14] However, Plaintiff's opposition presented no legal arguments. Instead, Plaintiff merely submitted three one-page exhibits that "should answer Defendant's questions regarding Catherine Bright,"[15] but he provided no further explanation. Specifically, rather than present arguments in opposition to the pending motion, Plaintiff's alleged opposition "request[ed] leave to amend his Complaint to include [the] exhibits,"[16] which were images of the checks at issue and an associated letter regarding them.

While the Motion to Dismiss was pending, Plaintiff sought leave to file his First Amended Complaint.[17] That complaint would abandon Plaintiff's RICO claims[18] and would instead assert a private action under the Louisiana Unfair Trade Practices Act[19] ("LUTPA"), in addition to Plaintiff's previously asserted fraud claims. The amended complaint does not specifically mention Plaintiff's previously asserted conversion and tortious interference claims, nor does the amended complaint

---

[12] Rec. Doc. 12.

[13] Rec. Doc. 13.

[14] Rec. Doc. 14.

[15] Rec. Doc. 14-1 at p. 1.

[16] Rec. Doc. 14 at p. 1.

[17] Rec. Doc. 23.

[18] "Ordinarily, an amended complaint supersedes an original complaint and renders it of no legal effect 'unless the amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading.'" *Ruiz v. El Paso Processing Ctr.*, 299 F. App'x. 369, 370 (5th Cir. 2008) (quoting *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994)). Plaintiff's proposed First Amended Complaint did not refer to his original complaint, nor did it adopt or incorporate by reference the earlier pleading. *See* Rec. Doc. 23. Additionally, Defendant cites to authority that "where an amended complaint drops a federal claim, the amended pleading supersedes the original complaint for purposes of determining the existence of jurisdiction." Rec. Doc. 29 at p. 7 (citations omitted). Furthermore, during a status conference held in this matter on August 31, 2012, Plaintiff specifically indicated that he desired to abandon his RICO claims. *See* Rec. Doc. 30.

[19] La. R.S. § 51:1409, *et seq.*

purport to adopt or to incorporate by reference the original complaint. Additionally, Plaintiff's First Amended Complaint would add allegations concerning a second unendorsed check payable to the Louisiana Division for Administration ("Road Home"), Arnold and Eunice Little, and John Conry[20] – allegations which were absent from the original complaint. Having abandoned Plaintiff's federal question claims under RICO, the amended complaint asserted diversity jurisdiction as the basis for the Court's subject matter jurisdiction. On July 10, 2012, Magistrate Judge Joseph C. Wilkinson, Jr. denied the Motion for Leave for failure to comply with Local Rule 7.2, which requires a contested motion to be noticed for submission.[21]

On August 31, 2012, this Court convened a status conference during which the Court inquired whether Plaintiff intended to re-urge his Motion for Leave.[22] Upon Plaintiff's affirmative answer and recognizing that this case is not yet governed by a Scheduling Order setting forth a deadline for amendment of pleadings, this Court indicated that it would allow Plaintiff to re-urge his motion and that this Court would take the motion under submission expeditiously.[23] As a result, the previous procedural defect that plagued the Motion for Leave was corrected when the motion was re-filed and set for submission before this Court.[24]

On September 4, 2012, Defendant filed its opposition to the Motion for Leave, arguing that

---

[20] Rec Doc. 23-2 at ¶¶ 7-9.

[21] Rec. Doc. 24.

[22] *See* Rec. Doc. 30.

[23] *Id.* At that time, the only concern expressed by defense counsel regarding the proposed First Amended Complaint was whether that complaint would supersede the original. *Id.*

[24] *See* Rec. Docs. 28, 31.

4

the motion is not properly before this Court,[25] that the motion would "frustrate" the Court's jurisdiction, and that the proposed amendments would be futile.[26] Specifically, Defendant argues that Plaintiff's amended complaint would omit the only federal cause of action previously asserted and that it does not properly satisfy the requirements of diversity jurisdiction, such that this Court lacks jurisdiction over this matter.[27] Regarding futility, Defendant asserts that Plaintiff's amended complaint fails to plead his claims with the particularity required by the Federal Rules of Civil Procedure and that, moreover, "**all** of Conry's remaining state law claims are prescribed *on their face*, preempting the need for any further analysis."[28]

## II. Law and Analysis

When a case is not yet governed by a scheduling order, Federal Rule of Civil Procedure 15(a) governs amendment of pleadings.[29] The rule provides that "[t]he court should freely give leave when justice so requires,"[30] and the United States Supreme Court has stated that "this mandate is to be

---

[25] The Court notes that these arguments were advanced prior to the correction of the record in this matter to indicate that the Motion for Leave was re-filed, rather than re-opened. As such, this Court will not address these arguments further.

[26] Rec. Doc. 29.

[27] *Id.* at pp. 6-8 (arguing that Plaintiff has failed to meet his burden to demonstrate that the amount in controversy requirement has been satisfied and arguing that Plaintiff has failed to join indispensable third parties who would defeat diversity).

[28] *Id.* at p. 9.

[29] *Compare* Fed. R. Civ. P. 15(a) *with* Fed R. Civ. P. 16(b)(4).

[30] Fed. R. Civ. P. 15(a).

5

heeded."[31] Thus, although such leave is "by no means automatic,"[32] the decision lies within the sound discretion of the court.[33] In considering whether to grant leave, the court may consider factors such as:

> undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.[34]

However, when determining whether to grant leave to amend, "even if substantial reason to deny leave exists," the court should consider judicial economy[35] and the rule "evinces a bias in favor of granting leave."[36] "The policy of the federal rules is to permit liberal pleading and amendment, thus facilitating adjudication on the merits while avoiding an excessive formalism."[37]

Here, Defendant argues that this Court's jurisdiction would be frustrated were the Court to allow Plaintiff to amend his complaint because, according to Defendant, Plaintiff has failed to meet the requirements for the only remaining asserted basis of jurisdiction, diversity.[38] Specifically, Defendant contends that Plaintiff cannot meet his burden to establish that the amount in controversy

---

[31] *Foman v. Davis*, 371 U.S. 178, 182 (1962).

[32] *Little v. Liquid Air Corp.*, 952 F.2d 841, 846 (5th Cir. 1992) (citing *Addington v. Farmer's Elevator Mut. Ins. Co.*, 650 F.2d 663, 667 (5th Cir. Unit A 1981); *Layfield v. Bill Heard Chevrolet Co.*, 607 F.2d 1097, 1099 (5th Cir. 1979), *cert. denied*, 446 U.S. 939 (1980)).

[33] *Id.* (citing *Guthrie v. J.C. Penny Co.*, 803 F.2d 202, 210 (5th Cir. 1986); *Jamieson v. Shaw*, 772 F.2d 1205, 1208 (5th Cir. 1985)).

[34] *Foman*, 371 U.S. at 182; *see also Union Planters Nat'l Leasing, Inc. v. Woods*, 687 F.2d 117, 121 (5th Cir. 1982).

[35] *Union Planters*, 687 F.2d at 121.

[36] *Chitimacha Tribe of La. v. Harry L. Laws Co.*, 690 F.2d 1157, 1163 (5th Cir. 1982), *cert. denied*, 464 U.S. 814 (quoting *Dussouy v. Gulf Coast Invest. Corp.*, 660 F.2d 594, 597 (Former 5th Cir. 1981)).

[37] *Jamieson*, 772 F.2d at 1208 (citing *Dussouy*, 660 F.2d at 598).

[38] Rec. Doc. 29 at pp. 6-9.

requirement has been satisfied[39] and also that there exist indispensable third parties whose presence will defeat the requirement of complete diversity.[40] Furthermore, Defendant contends that it would be futile for this Court to allow Plaintiff leave to amend his complaint because the First Amended Complaint fails to state a claim, by failing to plead Plaintiff's claims with the required particularity, and because the claims are prescribed facially.[41] Although Defendant does not specifically contend that this Court should deny leave on the basis of either undue delay or dilatory motive on the part of Plaintiff, Defendant notes the extensive period of time that expired between the filing of Defendant's Motion to Dismiss and the filing of Plaintiff's Motion for Leave, as well as Plaintiff's failure quickly to re-urge Motion for Leave upon the magistrate judge's denial on technical grounds.[42] Defendant has not asserted that it would be prejudiced were this Court to allow Plaintiff leave to file his amended complaint.

As explained above, courts are to grant leave to amend liberally "when justice so requires," and the Court finds that justice so requires here. Importantly, Defendant has presented – and the Court sees – no argument as to why Defendant would be prejudiced by the granting of this motion. There is not yet a governing scheduling order in this case, so there are no deadlines that would be disrupted, nor has discovery closed such that amendment would necessitate a re-opening of it, which might constitute prejudice. The Court is mindful of the lengthy delays by Plaintiff in bringing this motion; however, Plaintiff is proceeding *pro se* and, further, judicial economy favors allowing

---

[39] *Id.* at p. 7 (citing *McNutt v. Gen. Motors Accept. Corp.*, 298 U.S. 178, 189 (1936)).

[40] *Id.* at p. 8.

[41] *Id.* at p. 9.

[42] *Id.* at pp. 1-2.

Plaintiff to amend his complaint so as to abandon his RICO claim and to bring his other state law claims in one suit. Thus, this particular delay is not enough to tip the balance of Rule 15(a)'s preference in favor of granting leave. Although Defendant presents several arguments regarding why this Court should deny leave to amend, the Court finds that these arguments may be presented just as well in an appropriate Rule 12 motion, which will allow these arguments to be considered more thoroughly on their merits.[43] Accordingly, this Court will exercise its discretion and heed Rule 15(a)'s "mandate" that leave to amend be freely given when justice so requires.

### III. Conclusion

For the reasons set forth above,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Leave to File First Amended Complaint[44] is **GRANTED**.

**NEW ORLEANS, LOUISIANA**, this  6th  day of September, 2012.

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[43] The Court notes that the Fifth Circuit has previously stated that it must reverse an order denying leave to amend premised solely on futility arguments when the evaluation of futility proves to be deficient. *See Jamieson*, 772 F.2d at 1209.

[44] Rec Doc. 31.