UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JOHN CONRY | CIVIL ACTION |
| VERSUS | NO. 11-0647 |
| OCWEN FINANCIAL CORPORATION | SECTION: "G" (2) |

ORDER AND REASONS

Before the Court is Ocwen Financial Corporation's ("Ocwen") Motion to Dismiss[1] the First Amended Complaint[2] filed by plaintiff, John Conry ("Conry"), pursuant to Rule 12(b)(1) and 12(b)(6). Ocwen argues that this Court lacks subject matter jurisdiction over Conry's claims and Conry otherwise fails to state a claim, because although Conry invokes this Court's subject matter jurisdiction pursuant to 28 U.S.C. § 1332, based on the face of the Amended Complaint, Plaintiff has failed to plead damages sufficient to establish that the amount in controversy exceeds $75,000. For the following reasons, the Court will grant Ocwen's Motion to Dismiss.

I.   Background

Conry filed a complaint in this matter on March 24, 2011, alleging that Ocwen improperly accepted an insurance settlement check made payable to Conry and his former client, without Conry's endorsement.[3] Conry was a licensed and practicing attorney at the time, and Catherine Bright, his former client, was a customer of Ocwen. In Conry's first complaint, he

---

[1] Rec. Doc. 35.

[2] Rec. Doc. 33.

[3] Rec. Doc. 3 at ¶ 1.

asserted state law claims for fraud, tortious interference with contract, and conversion, in addition to a claim for violation of the Racketeer Influence and Corrupt Organizations Act ("RICO") pursuant to 18 U.S.C. § 1651, *et seq*. Defendant moved for dismissal of all of Conry's claims on October 18, 2011,[4] and Conry filed an untimely opposition with leave of court, attaching exhibits purporting to be copies of the two checks at issue in his first complaint.[5] While Ocwen's Motion to Dismiss was still pending before the Court, Conry filed a Motion for Leave to File First Amended Complaint on June 20, 2012.[6] The Magistrate Judge denied Conry's motion for leave to amend for failure to comply with Local Rule 7.2,[7] and Conry did not seek timely review of that order. A status conference was held by this Court on August 21, 2012, after which Conry was permitted to re-file his motion for leave to amend.[8] The Court granted Conry's motion for leave to amend on September 6, 2012.[9]

Conry did not restate the allegations of the first complaint, nor did he incorporate or adopt by reference the first complaint into his amended complaint.[10] Conry's amended complaint alleged the following: (1) violations of the Louisiana Unfair Trade Practices Act ("LUTPA")[11] based on "Ocwen's policy of [f]raudulently converting funds;" (2) fraud based on

---

[4] Rec. Doc. 11.

[5] Rec. Doc. 14-1 (reflecting two insurance company checks, one for $22,710.65 and a second for $500.00, totaling $23,210.65).

[6] Rec. Doc. 23.

[7] Rec. Doc. 24.

[8] Rec. Doc. 30.

[9] Rec. Doc. 32.

[10] *Compare* Rec. Doc. 3, *with* Rec. Doc. 33.

[11] La. Rev. Stat. § 51:1401, *et. seq*.

the deposit of "a draft in the amount of $27,800.00" made payable to Conry and his former client, Catherine Bright, without Conry's endorsement; and (3) fraud based on the deposit of a draft made payable to Conry, and his former clients, Arnold and Eunice Little, without Conry's endorsement.[12] In the amended complaint, Conry claims an interest in the proceeds of the check based on attorney's fees, but he does not provide copies of any of the checks or indication of the amount of the checks.

Conry's amended complaint asserts diversity jurisdiction as the basis for this Court's subject matter jurisdiction.[13] On September 20, 2012, Ocwen filed the pending Motion to Dismiss[14] for lack of subject matter jurisdiction and for failure to state a claim. Conry has not filed an opposition to this motion into the record.

## II. Parties' Arguments

First, Ocwen argues that the Court does not have subject matter jurisdiction over Conry's claims based on allegations made in the amended complaint, and therefore, the Court must dismiss this suit.[15] According to Ocwen, the plaintiff has the burden of establishing subject matter jurisdiction on the basis of diversity jurisdiction, which requires the plaintiff to demonstrate that "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs."[16] Ocwen contends that Conry has not pled actual damages exceeding

---

[12] Rec. Doc. 33 at ¶¶ 5-9, 14.

[13] Rec. Doc. 33.

[14] Rec. Doc. 35.

[15] Rec. Doc. 35-1 at p. 7.

[16] *Id.* (citing 28 U.S.C. § 1332(a)).

3

$75,000, but, at best, pleads an amount in controversy that is a portion of $27,800 dollars in the amended complaint.[17]  Further, Conry does not allege the terms of engagement of the representation or what amount he claims to be entitled to.  Thus, Ocwen asserts that Conry fails on the face of the amended complaint to satisfy the requisite jurisdictional amount in controversy threshold.[18]

   Second, Ocwen explains that Conry's attempt to meet the requisite jurisdictional amount in controversy threshold by pleading treble damages under the LUTPA fails for three reasons. To begin with, Conry fails to allege that Ocwen was ever placed on notice by the Louisiana Attorney General of a putative violation of the LUTPA and that Ocwen thereafter continued to engage in the violative conduct—a statutory condition precedent to recovery of treble damages.[19] Additionally, Conry does not have standing under the LUTPA because he was not a direct consumer or a business competitor of Ocwen.[20]  Finally, Fifth Circuit jurisprudence provides that Conry's LUTPA claim is time-barred under the applicable one-year prescriptive period, and he did not file his lawsuit until more than two years after the alleged transaction occurred.[21] Therefore, the LUTPA provision for treble damages is inapplicable to Plaintiff's claims as a matter of law, and he is unable establish that the amount in controversy exceeds $75,000.

---

[17] *Id.* (citing Rec. Doc. 33 at ¶ 5) (noting that copies of the checks at issue were attached to the Opposition to the first Motion to Dismiss, and those checks only total $23, 210.65).

[18] *Id.* at p. 8.

[19] *Id.* at p. 10 (citing La. R.S. 51:1409(A)).

[20] *Id.* (citing La. R.S. 51:1402; *Washington Mut. Bank v. Monticello*, 2007-1018 (La. App. 3 Cir. 2/6/08), 976 So. 2d 251, 258).

[21] *Id.* at p. 11 (citing La. R.S. 51:1409(E); *Tubos de Acero de Mexico, S.A. v. American Intern. Inv. Corp., Inc.*, 292 F.3d 471, 481 (5th Cir. 2002)).

Third, Ocwen argues that the First Amended Complaint fails to state a cause of action and is subject to dismissal under Federal Rule of Civil Procedure 12(b)(6). Ocwen first argues that Conry has failed to state a claim for unfair trade practices, because he does not have standing to sue under the LUTPA and any claim under the LUTPA is prescribed. Next, Ocwen contends that Conry has failed to state a claim for fraud which requires that he plead with particularity: "(1) a misrepresentation of material fact; (2) made with intent to defraud; (3) causing justifiable reliance with resulting injury."[22] According to Ocwen, Conry fails to allege any misrepresentations, any facts regarding Ocwen's intent, and any indication of Conry's detrimental reliance.[23] Finally, Ocwen avers that Conry has failed to state a claim for conversion because the amended complaint does not restate or incorporate any of the allegations from his prior pleadings relating to the alleged conversion. Accordingly, it appears that no claim for conversion is being asserted on the face of the First Amended Complaint.[24]

Conry has not filed any opposition to Ocwen's Motion to Dismiss.[25]

### III.    Law and Analysis

*A.  Standard for an Unopposed Motion*

No memorandum in opposition to the Motion to Dismiss, which was set for hearing on October 10, 2012, was submitted. Local Rule 7.5 of the Eastern District of Louisiana requires

---

[22] *Id.* at p. 15 (citing *Bonvillain v. Louisiana Land & Exploration Co.*, 702 F.Supp. 2d 667, 678 (E.D. La. 2010)).

[23] *Id.* at pp. 15-16.

[24] *Id.* at p. 17.

[25] Plaintiff, who is proceeding *pro se*, communicated to the Court and opposing counsel on October 24, 2012, via the chamber's email address, that he does not oppose dismissal because even if he "were awarded treble damages he would still be more than $15,000.00 short of the limit for Subject Matter Jurisdiction. The Court notes this communication but does not rely on Conry's response in his email, because it was never filed into the record.

that memoranda in opposition to a motion be filed eight days prior to the date set for hearing on the motion. This Court has authority to grant the motion as unopposed, although it is not required to do so.[26]

### B. *Standard on a Motion to Dismiss for Lack of Subject Matter Jurisdiction*

Federal courts have "limited jurisdiction and cannot entertain cases unless authorized by the Constitution and legislation."[27] A motion to dismiss for lack of subject matter jurisdiction must be granted if the court lacks statutory authority at any time to hear and decide the dispute.[28] In fact, "[i]t is well-settled that subject matter jurisdiction can be raised at any time or even *sua sponte* by the court."[29] The party that invokes the court's jurisdiction bears the burden of "alleg(ing) with sufficient particularity the facts creating jurisdiction" and of "support(ing) the allegation" if challenged.[30] Thus, "[t]he burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction."[31] Because the Court finds that it lacks subject matter jurisdiction over this action, as set forth below, the Court does not address whether Conry has failed to state a claim under Federal Rule of Civil Procedure 12(b)(6).

---

[26] *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 356 (5th Cir. 1993).

[27] *Celestine v. TransWood, Inc.*, 467 Fed. Appx. 317, 318 (5th Cir. 2012) (citing *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994)).

[28] Fed. R. Civ. P. 12(h)(3).

[29] *Johnston v. United States*, 85 F.3d 217, 218 n. 2 (5th Cir. 1996) (citing *Houston v. United States Postal Serv.*, 823 F.2d 896, 902 (5th Cir. 1987), *cert denied*, 485 U.S. 1006 (1988)); *see also Gonzalez v. Thaler*, 132 S.Ct. 641, 648 (2012) ("When a requirement goes to subject-matter jurisdiction, courts are obligated to consider *sua sponte* issues that the parties have disclaimed or have not presented."); *Warren G. Kleban Eng'g Corp. v. Caldwell*, 490 F.2d 800, 802 n. 1 (5th Cir. 1974) ("[T]he Courts of Appeals have a continuing duty to inquire into the basis of jurisdiction in the district court and to satisfy themselves that the district court properly had jurisdiction to entertain an action.")

[30] *Diefenthal v. C.A.B.,* 681 F.2d 1039, 1052 (5th Cir. 1982) (citing *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 287 (1938)).

[31] *Celestine*, 467 Fed. Appx. at 318 (quoting *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001)).

*C. Legal Analysis*

Pursuant to 28 U.S.C. § 1332 (a), federal district courts have original jurisdiction over all civil actions where the "matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and is between "citizens of different states." [32] Conry has failed to plead damages sufficient to establish that the matter before this Court concerns a sum or value over $75,000. Conry's amended complaint only alleges that he forwarded a draft in the amount of $27,800.00 to Ocwen, with a letter requesting that Ocwen endorse and return the draft.[33] Conry also alleges a separate cause of action involving a check in an unspecified amount.[34] Conry appears to assert an interest in a portion of the checks for attorney's fees, although he fails to allege the portion of which he is entitled or the terms upon which he was engaged by his former clients. Thus, the actual damages pled by Plaintiff of $27,800.00 fall far short of the requisite amount that must be in controversy for this Court to exercise its diversity jurisdiction.

Conry's attempt to rely on treble damages provided for in the LUTPA is also unavailing, because he has not alleged any set of facts demonstrating an entitlement to recovery of treble damages under the LUTPA. The "LUTPA grants a right of action to any person, natural or juridical, who suffers an ascertainable loss as a result of another person's use of unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce."[35] A plaintiff may be entitled to treble damages if the court finds that an "unfair or

---

[32] 28 U.S.C. § 1332(a).

[33] Rec. Doc. 33 at ¶ 5.

[34] *Id.* at ¶ 7.

[35] *Cheramie Services, Inc. v. Shell Deepwater Production, Inc.*, 2009-1633, (La. 4/23/10); 35 So. 3d 1053, 1057.

deceptive method, act, or practice was knowingly used, after being put on notice by the attorney general."[36] Conry does not allege any intent on Ocwen's part to engage in an unfair trade practice, or any notice by the attorney general to Ocwen of such practice. Therefore, Conry is not entitled to rely on the LUTPA to satisfy the amount in controversy requirement of 28 U.S.C. § 1332(a).

## IV. Conclusion

Conry attempts to invoke this Court's subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a) but fails to demonstrate any set of facts wherein the amount in controversy would exceed $75,000. Accordingly, this Court lacks subject matter jurisdiction, and for the reasons set forth above,

**IT IS HEREBY ORDERED** that Ocwen's Motion to Dismiss is **GRANTED** because this Court lacks subject matter jurisdiction over the asserted claims pursuant to 28 U.S.C. § 1332(a).

**NEW ORLEANS, LOUISIANA**, this __1st__ day of November, 2012.

             **NANNETTE JOLIVETTE BROWN**
             **UNITED STATES DISTRICT JUDGE**

---

[36] La. Rev. Stat. Ann. §51:1409(A) (1972).